IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BAHAEDDIN KHARAZMI,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER BAC HOME
LOANS SERVICING, LP, and
THE BANK OF NEW YORK AS
TRUSTEE FOR ASSET-BACKED
CERTIFICATES SERIES TRUST 2006-
24,,

    Defendants.

CIVIL ACTION NO.
1:11-CV-2933-AT

## **ORDER**

In this action Plaintiff Bahaeddin Kharazmi asserts claims for wrongful foreclosure, suppression, manufacturer's liability, breach of contract, negligence, conspiracy, respondeat superior, negligent hiring, joint venture, and injunctive relief against Defendants Bank of America, NA and the Bank of New York as Trustee for CWABS Certificates Trust 2006-24.

The Court held a hearing on Plaintiff's emergency request for a Temporary Restraining Order ("TRO") and entered a TRO enjoining the foreclosure sale that was scheduled to occur on September 6, 2011. (Order, Sept. 2, 2011.) The parties then consented to a preliminary injunction preventing Defendants from taking

any further foreclosure actions with regard to Plaintiff's property during the pendency of this action. (Order, Sept. 9, 2011.)

This matter is now before the Court on Defendants' motion to dismiss [Doc. 16]. Plaintiff filed a response in opposition, and Defendants filed a reply. Defendants have also filed a Motion for Leave to File Notice of Supplemental Authority [Doc. 26].[1] The supplemental authority at issue is an order dismissing a complaint substantially similar to the complaint here, *Stokes v. BAC Home Loans Servicing, LP*, 1:11-CV-4574-TCB (N.D. Ga. Jan. 25, 2012). The Court has reviewed this authority. However, as the motion to dismiss in that case was unopposed, and Judge Batten did not expound on his reasons for dismissing the case, its persuasive weight is limited.

## I.  Motion to Dismiss Standard

In determining whether a complaint states a claim upon which relief can be granted, courts accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] The Court **GRANTS** Defendants' Motion for Leave to File Notice of Supplemental Authority [Doc. 26].

*Id.* The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## II. Discussion

### A. Wrongful Foreclosure and Injunctive Relief

Plaintiff alleges that Bank of America is attempting to foreclose although it is not the secured creditor with authority to foreclosure under Georgia law. Defendants argue that this claim fails because (1) no foreclosure has occurred, (2) Plaintiff has not tendered the balance due on the loan, and (3) the complaint does not satisfy the pleading standard set forth in *Twombly* and *Iqbal*.

Defendants' assertion there can be no cause of action for wrongful foreclosure where a foreclosure sale has not taken place is not supported by Georgia law. Though not always using the caption of wrongful foreclosure,[1] Georgia courts have recognized claims for (1) injunctive relief to set aside a past unlawful foreclosure, (2) damages arising out of a past unlawful foreclosure, (3) injunctive relief to prevent an unauthorized foreclosure, and (4) damages arising out of an attempted unauthorized foreclosure. *See, e.g., Curl v. Fed. Sav. & Loan*, 244 S.E.2d 812, 812 (Ga. 1978); *Calhoun First Nat'l Bank v. Dickens*, 443 S.E.2d 837, 838 (Ga. 1994); *West v. Koufman*, 384 S.E.2d 664, 665 (Ga. 1989); *Sale City*

---

[1] The following terms are often used interchangeably by Georgia courts: wrongful foreclosure, fraudulent foreclosure, action to set aside a foreclosure, and failure to exercise in good faith a power of sale as required by O.C.G.A. § 23-2-114.

*Peanut & Milling Co. v. Planters & Citizens Bank*, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963).

In the situation at bar, where a foreclosure sale has not occurred, the Court assesses whether Plaintiff has pled the required elements to support a claim for damages arising out of an attempted wrongful foreclosure or for injunctive relief to prevent an unauthorized foreclosure.

Georgia courts have recognized a claim for damages based on wrongful *attempted* foreclosure when a foreclosure action was commenced but not completed, where plaintiffs have shown that the defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions[1] and that damages were sustained as a direct result of this publication." *Sale City Peanut*, 130 S.E.2d at 520. In the case at bar, Plaintiff asserts that "there is no default on the home [sic] other than a false or bogus default created by defendant BOA." (Compl. ¶ 111.) However, Plaintiff also alleges that Defendant "failed to put plaintiff into a loan modification agreement which would have cured any alleged default." (*Id.* at ¶ 50.) This allegation calls into question the allegation that Plaintiff is not actually in default. Further, Plaintiff has not pled any damages flowing from the allegedly false publication. Therefore, Plaintiff has failed to set forth a claim for damages for wrongful attempted foreclosure.

---

[1] A wrongful publication that plaintiff has defaulted on a loan may constitute an untrue and derogatory statement concerning the plaintiff's financial condition. *See Hauf v. HomEq Servicing Corp.*, No. 4:05-CV-109, 2007 WL 486699, at *6 (N.D. Ga. Feb. 9, 2007).

4

While plaintiff has not asserted a viable claim for damages for wrongful attempted foreclosure, he does assert a cognizable claim for injunctive relief barring Bank of America from proceeding with a foreclosure based on its alleged lack of authority to foreclose. (Compl. ¶¶ 103-115.) A court may enjoin a nonjudicial foreclosure sale where the authority to foreclose is in question. *See Atlanta Dwellings, Inc. v. Wright*, 527 S.E.2d 854, 856 (Ga. 2000); *West v. Koufman*, 384 S.E.2d at 666; *Cotton v. First Nat'l Bank of Gwinnett Co.*, 220 S.E.2d 132 (Ga. 1975).

Plaintiff Kharazmi sets forth particularized factual allegations making it plausible that Bank of America is not the holder of the promissory note with the right to foreclose. Plaintiff maintains that Bank of America was not a party to the Bank of New York securitization trust to which Countrywide Homes Loans, Inc., the original lender, sold the mortgage in 2006. (Compl. ¶¶21-33, 54-55, 56-58 and Ex. A.) Plaintiff also alleges that the assignment of the security deed was executed three years after Countrywide went out of business in 2008 and five years after the alleged deadline for transferring assets to the Bank of New York investment trust to which he claims the mortgage was sold. (*Id.*) Moreover, Plaintiff points out that the assignment transferring the security deed from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide Home Loan Servicing to Bank of America does not confirm or establish that Bank of America holds the promissory note. (Compl. Ex. A.)

Georgia law authorizes the secured creditor, the holder of the promissory note, to exercise a power of sale. *See* O.C.G.A. §§ 44-14-162 *et seq.*; *Weems v. Coker*, 70 Ga. 746, 749 (1883) ("Could there be a more conclusive defense to the foreclosure than that the party prosecuting it was not the holder of the debt or demand secured by the mortgage, which he failed to produce when called on, and offered nothing to show that he controlled it, or to explain why it was not forthcoming at the trial?"), *cited by Truitt v. Moister*, 11 B.R. 15 (Bankr. N.D. Ga. 1981); *Cummings v. Anderson*, 173 B.R. 959, 963 (Bankr. N.D. Ga. 1994) (finding that foreclosure was null and void where the entity foreclosing did not have an actual assignment of the note and security deed), *aff'd*, 112 F.3d 1172 (11th Cir. 1997); *Boaz v. Latson*, 580 S.E.2d 572, 578 (Ga. Ct. App. 2003) ("[T]he security deed arose from the indebtedness allegedly established by the promissory note, and the deed's power of sale depended on default under the note."), *rev'd on other grounds*, 598 S.E.2d 485, 487 (Ga. 2004).

Defendant further argues that Plaintiff's failure to tender the amount owed under the loan is a bar to any action "seek[ing] relief regarding a pending or past foreclosure sale." (Br. Supp. Mot. Dismiss at 11.) The requirement to tender the amount of indebtedness admittedly due is based on the maxim that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." *Wright v. Intercounty Props., Ltd.*, 233 S.E.2d 160, 161 (Ga. 1977).

In this case, Plaintiff is alleging that Bank of America does not hold his note. (Compl. ¶ 23.) If Plaintiff succeeds in proving that Bank of America is not the holder of the note, in addition to the other elements required for injunctive relief, then no tender would be required because no sum would be due *to Bank of America* under the note. *See Everson v. Franklin Discount Co.*, 285 S.E.2d 530, 533 (Ga. 1982); *Sapp v. ABC Credit & Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *Davis v. Atlanta Fin. Co.*, 129 S.E. 51, 52 (Ga. 1925). Therefore, the Court finds that dismissal on grounds of failure to tender would be premature at this time, because Plaintiff has alleged facts in the complaint that suggest he owes no duty in equity to Bank of America (because, he alleges, he is not indebted to Bank of America), and those allegations are to be taken as true on a motion to dismiss.

Plaintiff Kharazmi has pled sufficient facts to make plausible a claim for injunctive relief to stop an unauthorized foreclosure. Accordingly, Defendants' motion to dismiss is **DENIED** as to his claim for wrongful foreclosure and injunctive relief.

### B. Suppression and Negligence

Plaintiff asserts claims for "suppression," in which he alleges that the lender failed to disclose material facts, and negligence. Both of these claims are based on allegations of misrepresentations and breaches of duties at the time the loan was made.[2] The loan transaction occurred on November 29, 2006. Plaintiff

---

[2] Plaintiff asserts in his response brief that just as in *Morgan v. Ocwen*, Defendants have breached legal duties and the claim for negligence should survive. However, in the complaint (which Plaintiff has not sought leave to amend), Plaintiff does not allege a negligence claim

filed the instant action on September 1, 2011, more than four years after the alleged wrongful conduct. Therefore, these claims are barred by the applicable statute of limitations. *See* O.C.G.A. § 9-3-31 (four year statute of limitations for fraud and other claims for injury to personalty). The Court therefore **DISMISSES** these claims.

### C. Breach of Contract

Plaintiff asserts a claim for breach of the Pooling and Servicing Agreement ("PSA") between the servicer and the trustee for the pool. Although Plaintiff alleges in a conclusory manner that he is an "intended Third Party Beneficiary" of that agreement, Plaintiff has not pled facts making his third party beneficiary status plausible. (Compl. ¶¶ 73-78.) Plaintiff alleges that the PSA requires the servicer to engage in loss mitigation in order to prevent foreclosures and provide income for the trust. (*Id.* ¶ 76.) Based on that allegation alone, it does not appear that the parties to the PSA intended to benefit a borrower such as Plaintiff Kharazmi when they entered into this agreement. Therefore, Plaintiff has not alleged facts making it plausible that he is an intended beneficiary entitled to enforce the contract. *See Northen v. Tobin*, 585 S.E.2d 681, 686 (Ga. Ct. App. 2003) (third party has standing to enforce a contract "if it clearly appears from the contract that it was intended for his benefit"). Accordingly, this claim is due to be **DISMISSED**.

---

based on conduct surrounding the foreclosure, but one entirely based on the lender *making a loan* in breach of certain duties. (Compl. ¶¶ 81-83.) Therefore, the claim is time-barred.

### D. Manufacturer's Liability and Other Claims

Plaintiff asserts a claim under O.C.G.A. 51-1-11 for extended manufacturer's liability. However, as Defendants correctly point out, this product liability statute does not apply to the facts alleged in the complaint. (Def.'s Br. Supp. Mot. Summ. J. at 13.) Defendants are not manufacturers covered by the statute. *See* O.C.G.A. § 51-1-11. Therefore, this claim is due to be **DISMISSED**.

Moreover, Plaintiff has failed to plead facts to support his claims for conspiracy, respondeat superior, negligent hiring, training, and supervision, or joint venture. Accordingly, these claims are **DISMISSED**.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss [Doc. 16] is **GRANTED IN PART AND DENIED IN PART**. The Court **DISMISSES** Plaintiff's claims for suppression (Count 2), manufacturer's liability (Count 3), breach of contract (Count 4), negligence (Count 5), conspiracy (Count 6), respondeat superior (Count 7), negligent hiring (Count 8), and joint venture (Count 9). The Court **DENIES** Defendants' motion to dismiss Plaintiff's claims for wrongful foreclosure (Count 1) and for injunctive relief.

The Court will enter a separate order directing the parties to participate in mediation of this matter.

**IT IS SO ORDERED,** this 4th day of May, 2012.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**